**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Kenneth L. Bowie, Jr.,** ) | **CASE NO. 1:22 CV 958** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Butner Medical Center,** ) | |
| ) | |
| **Defendant.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Kenneth L. Bowie, Jr. filed this action under 18 U.S.C. §3771 against the FMC Butner Medical Center in Butner, North Carolina ("FMC Butner"). In the Complaint, Plaintiff, an inmate at FMC Butner, alleges prison staff asked the courts for permission to forcibly medicate him. He further points to conditions of confinement he finds to be objectionable. He seeks to bring criminal charges against the prison and requests "12.6 billion" dollars in damages.

### BACKGROUND

Plaintiff is a federal inmate in the FMC Butner Medical Center in Butner, North Carolina. He brings this action solely against the prison, alleging that prison staff applied to the courts for approval to medicate him against his will. He further alleges officers verbally harassed him. He states officers delay opening the cell doors or keep inmates in lock down and instruct the kitchen to send trays to the cells. He alleges the problem did not occur until inmates complained about

the psychologist and Officer Schrieker. He indicates Schrieker is a nurse who occasionally works as a corrections officer when needed. Plaintiff states that Schrieker is not properly trained to be a corrections officer. He claims other officers lack credentials and experience to work with mental health patients. Plaintiff asserts he is the victim of harassment, defamation of character, malpractice, fraud, and war crimes.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### **DISCUSSION**

Review of the Complaint reveals that Plaintiff and the Defendant are located in Butner, North Carolina and all of the events giving rise to the Complaint occurred there. This case has no connection to the Northern District of Ohio. A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). This district court is not the proper venue for this action.

Title 28 U.S.C. § 1406(a) provides that an improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. For the reasons stated below, the Court finds that it would not be in the interest of justice to transfer this matter, and this action is, therefore, dismissed pursuant to 28 U.S.C. § 1915(e).

Plaintiff indicates he is bringing a criminal action, declaring himself to be the victim of those crimes, and seeking relief under 18 U.S.C. § 3771, the Crime Victims' Rights Act ("CVRA"). Criminal actions in the federal courts are initiated by the United States Attorney. 28

U.S.C. § 547; Fed. R. Crim. P. 7(c). Plaintiff lacks standing to prosecute a criminal action.

Moreover, Plaintiff does not meet the definition of a crime victim under the CVRA. The statute provides protection to a person "directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e). Plaintiff does not allege that any FMC Butner employees were arrested or indicted for federal offenses which directly caused harm to him. *See Stegman v. United States*, No. 14-2445-JWL, 2015 WL 728487 at *1 (D. Kan. Feb. 19, 2015); *see also United States v. Daly*, No. 3:11cr121 (AWT), 2012 WL 315409 at *4 (D. Conn. Feb. 1, 2012) ("A person is not 'the accused' [for purposes of the CVRA] absent an indictment by the grand jury or some action by the government to bring a charge; one does not become 'the accused' simply because another person complains."). Finally, the CVRA does not provide a private right of action authorizing crime victims to seek judicial enforcement of CVRA rights outside the confines of a preexisting criminal proceeding. *In re Wild*, 994 F.3d 1244, 1269 (11th Cir. 2021). This can only be construed as a civil action, and Plaintiff cannot assert a cause of action under the CVRA.

The only other possible cause of action that the Court could construe from his pleading would be a *Bivens*[1] action. The only Defendant in this action, however, is a federal prison. *Bivens* provides a limited cause of action against individual federal officers. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001). It does not provide a cause of action against a federal prison. Plaintiff could not proceed with a *Bivens* action.

**CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date: August 24, 2022

                                    PATRICIA A. GAUGHAN
                                    United States District Court
                                    Chief Judge